IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| AMY J. DRUCKENMILLER, | * CHAPTER 13 |
|     Debtor | * |
| | * CASE NO. 1:09-bk-03903MDF |
| JOSEPH P. HACKENBERG, | * |
|     Plaintiff | * |
| | * |
| v. | * ADV. NO. 1:09-ap-00313 |
| | * |
| AMY J. DRUCKENMILLER, | * |
|     Defendant | * |

**OPINION**

In the above-captioned adversary proceeding, Joseph P. Hackenberg ("Hackenberg") seeks a declaration under 11 U.S.C. § 523(a)(2) and (5) that certain debts related to his divorce from Amy J. Druckenmiller ("Debtor") are nondischargeable. Before me is Debtor's motion for summary judgment against Hackenberg's complaint. For the reasons that follow, Debtor's motion will be granted in part and denied in part.

**I. Factual and Procedural History**

The parties were married in 1996. Hackenberg filed a divorce complaint in state court in 2002. On March 18, 2005, the parties executed a Marital Property Settlement Agreement ("the Agreement") containing a provision by which both parties waived their rights to alimony. Additionally, the Agreement called for Debtor to assume responsibility for outstanding unsecured debts to three (3) credit card issuers – CitiCorp, Bank of America, and Chase – whose cards had been issued either to Hackenberg alone or to the couple jointly. The specific amounts of the debts to these creditors are not set forth in the Agreement. In an indemnification clause, Debtor

1

"agrees to be responsible for any and all claims or bills of any nature or kind incurred by her and outstanding as of [the date of the Agreement]. In the event [Hackenberg] shall be obligated to pay any or all of these existing bills or obligations, [Debtor] shall indemnify [Hackenberg] therefor."

On May 21, 2009, Debtor filed an individual chapter 13 bankruptcy petition. Hackenberg is listed in Schedule F as holding an unliquidated, disputed "claim against wife for credit card debt owed to CitiCorp" in the amount of $7,654.97. Neither Bank of America nor CitiCorp is listed on schedule F. Chase is listed as holding an unsecured claim on a joint marital debt in the amount of $6,227.00.

On August 25, 2009, Hackenberg filed the instant adversary case alleging that he had been forced to pay off the Bank of America card and the CitiCorp card because Debtor had failed to do so. The complaint requests that, pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(5) and 1328(a),[1] his payments to these card issuers be declared to be nondischargeable debts owed by Debtor to him.

In terms of the evidence on the instant motion, the record is scant. It contains a personal check for $7,559.30 drawn on Hackenberg's banking account, dated February 28, 2005 and made payable to Bank of America. It also includes a letter addressed to Hackenberg and dated August 25, 2009 from "Northland Group Inc." acknowledging an agreement under which a "Citibank" credit account would be "considered satisfied and closed" upon receipt of a payment of

---

[1] At paragraph 2, the complaint also references 11 U.S.C. § 523(a)(15), which renders nondischargeable certain marital debts not otherwise covered by subparagraph (a)(5). Paragraph 2 of the complaint is a jurisdictional averment, and the complaint does not further assert a cause of action under subparagraph (a)(15). Therefore, it is presumed that Hackenberg did not intend to pursue a cause of action under subparagraph (a)(15).

$3,000.00 on a balance of $8,415.59. Associated with that letter is a photocopy of three receipts issued by the United States Postal Service on August 26, 2009 for Money Orders payable to Northland Group totaling $3,000.00. The only other evidence of record is the Agreement itself.

Debtor filed an answer generally admitting that Hackenberg had paid the debts at issue but denying that such payments afford him any cause of action under § 523(a). On December 15, 2009, Debtor moved for summary judgment against Hackenberg. Her Motion is ready for decision.[2]

## II. Discussion

*A. Section 523(a)(2)*

Paragraph (2) of 11 U.S.C. § 523(a) is comprised of two subparagraphs. Subparagraph (A) excepts from discharge debts for "money, property, services or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, a false representation or fraud." 11 U.S.C. § 523(a)(2)(A). Subparagraph (B) excepts debts "obtained by a written statement that is materially false regarding the debtor's financial condition." 11 U.S.C. § 523(a)(2)(B). By their terms, these provisions are generally available to entities who transfer money, property, services or credit to a debtor in exchange for a promise to repay.

Debtor's motion for summary judgment argues that to the extent the Complaint alleges that Debtor made false representations to CitiCorp and/or Bank of America when those entities extended credit to her, Hackenberg has no standing to assert a claim of nondischargeability under either subparagraph. Hackenberg's response to Debtor's motion does not dispute this argument,

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

3

but asserts that the obligation he seeks to enforce is one created by the Agreement, not one created by a credit card application and the subsequent use of that card. Hackenberg's response exposes a fatal flaw in his theory of nondischargeability under § 523(a)(2). In the relevant provision of the Agreement, Hackenberg was not the transferor of "money, property or services" to Debtor, and he did not "extend, renew or refinance" credit to her. Indeed, he was the *recipient* of her commitment to pay debts for which he was otherwise liable. Therefore, none of the operative terms of § 523(a)(2) applies to the obligation created by the Agreement.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056 incorporating Fed. R. Civ. P. 56(c). "A fact is material if it might affect the outcome of the case and an issue is genuine if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmovant." *In re Headquarters Dodge, Inc.*, 13 F.3d 674, 679 (3d Cir. 1993), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In this case, the parties do not dispute the circumstances under which the debts to CitiCorp, Bank of America and Chase were incurred. These are the only facts relevant to the determination of dischargeability under § 523(a)(2). Hackenberg did not transfer money, property or services to Debtor nor did he extend, renew or refinance credit to her. Accordingly, Debtor is entitled to judgment as a matter of law under § 523(a)(2).

*B. Section 523(a)(5)*

Determining whether an obligation is in the nature of support under § 523(a)(5) is a matter of federal, not state, law. *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990). Whether an

4

obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement, depends on the intent of the parties at the time of the settlement agreement. *Id*. To determine the parties' intent, the Court of Appeals for the Third Circuit has identified three indicators to be examined by the trial court: (1) "the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary;" (2) "the parties' financial circumstances at the time of the settlement;" and (3) "the function served by the obligation at the time of the divorce or settlement." *In re Gianakas*, 917 F.2d at 762.

In this case, the language of the Agreement states that Hackenberg waived his right to alimony. However, before deciding whether it was the intention of the parties for Hackenberg to waive alimony, I must look "beyond the label" used in a settlement agreement "to examine its true nature." *Id*. 917 F.2d at 762. At this procedural stage, there is little evidence for me to examine to determine the true nature of the alimony waiver provision. No depositions or other transcripts of testimony have been introduced from which I might glean the intent of the parties. Hackenberg's motion for summary judgment avers that "the content of the agreement [shows that] the parties did not intend to create a support obligation." (Summary Judgment Motion, ¶ 28.) Debtor generally disputes that averment and indicates that she will offer testimony to the contrary. While it would appear that the assignment of credit card debt to an ex-wife would be an unconventional way to provide "support" to the ex-husband, I cannot conclude that there is no genuine issue of fact on this material topic.

There is no evidence whatsoever in the record regarding the parties' respective financial circumstances at the time of the Agreement. Accordingly, I again cannot conclude that there is no genuine issue of fact that must be litigated. Debtor's obligation in the Agreement to pay the

5

Bank of America and CitiCorp obligations may only be a distribution of marital debt, but there is no evidence bearing on that issue in the record. Accordingly, summary judgment against the complaint as based on § 523(a)(5) is denied.

An appropriate order will be entered.

**By the Court,**

*Mary D. France*
Chief Bankruptcy Judge

Date: March 25, 2010

*This document is electronically signed and filed on the same date.*